**Alex SIBERSKY, Plaintiff–Appellant,**

v.

**Borah GOLDSTEIN, Altschuler & Schwartz, P.C., and Stephen Shulman, Defendants–Appellees.**

No. 03–7993.

United States Court of Appeals, Second Circuit.

Sept. 21, 2005.

Alex Sibersky, for Appellant, pro se.

Mark K. Anesh (Robert J. Pariser, on the brief), Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, New York., for Appellees.

PRESENT: MINER, RAGGI, Circuit Judges, and KARAS,[1] District Judge.

### SUMMARY ORDER

Plaintiff-appellant Alex Sibersky, who together with his wife, sued defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, appeals rulings of the district court dismissing his claim. While we assume the parties' familiarity with the facts and the record of proceedings, some background is necessary to explain our decision.

---

**1.** The Honorable Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

In a September 22, 2000 opinion, the district court ruled that, because Sibersky was not the consumer involved in the relevant debt transaction (the consumer was his wife), he lacked statutory standing to pursue an FDCPA claim premised on violations of § 1692e(11), which requires adequate disclosure of attempts to collect a debt, and § 1692g, which requires notice of the thirty-day validation period for a debt. Accordingly, the court dismissed those parts of the complaint. At the same time, however, the district court declined to dismiss that part of Sibersky's FDCPA claim premised on § 1692e(5), which prohibits threats to take unlawful actions to collect a debt, ruling that the protections afforded by that section of the act were not limited to consumers.

Thereafter, the Siberskys filed a fourth amended complaint (mislabeled as the "Third Amended Complaint"), which pleaded an FDCPA claim only on behalf of Ms. Sibersky and a class that she sought to represent. When, four years later, Ms. Sibersky settled her claims with the defendants, the district court, on July 29, 2003, ordered the case closed, noting that the FDCPA claim in the amended complaint was pleaded only on behalf of her and members of the proposed class.

Sibersky challenges the judgment entered pursuant to this 2003 ruling. A liberal reading of his papers suggests that he (1) disputes the district court's conclusion that he abandoned his § 1692e(5) claim in the last amended complaint, (2) faults its dismissal of his §§ 1692e(11) and 1692g claims, and (3) argues the merits of his case. We address only the first two points on this appeal because, were we to resolve either in Sibersky's favor, he could pursue the merits of his claim further on remand. We apply *de novo* review to the district court's challenged dismissal rulings because they were based only on the plead-ings. *See Rent Stabilization Ass'n v. Dinkins,* 5 F.3d 591, 593—94 (2d Cir.1993).

The FDCPA states that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person" for specified civil damages. 15 U.S.C. § 1692k(a). The statute does not define what it means for a failure of compliance to be "with respect to any person." The district court concluded that the language was sufficiently broad to permit Sibersky, although not the consumer of the debt at issue, to base an FDCPA claim on § 1692e(5), but not on §§ 1692e(11) or 1692(g).

This court has not specifically ruled as to which, if any, sections of the FDCPA are necessarily limited to consumers. The Sixth Circuit, sitting *en banc* in *Wright v. Finance Service of Norwalk, Inc.,* noted that "only a 'consumer' has standing to sue for violations under 15 U.S.C. § 1692c . . . the most restrictive of the FDCPA's provisions." 22 F.3d 647, 649 n. 1 (6th Cir.1995) (en banc). We need not decide in this case whether a §§ 1692e(11) or 1692g claim could ever be maintained by a person other than the debt consumer. Even if we were to answer that question in the affirmative, we would affirm the judgment in this case because the record indicates not only that Sibersky is not the debt consumer to whom the offending letters were directed, but also that he neither stands in the shoes of that consumer, *see id.* at 650 (recognizing that executor of debt consumer's estate can maintain FDCPA claim), nor has pleaded injurious exposure to the debt collection letters at issue.

When an FDCPA complaint alleges that a letter communicates faulty notice pursuant to §§ 1692e(11) and 1692g, or threats violative of § 1692e(5), for the offending communication to be "with respect to" a person other than the debt consumer or someone standing in the consumer's shoes,

that person would have to plead some injurious exposure to the communication to have standing to sue. *Cf. Wright v. Finance Service of Norwalk, Inc.,* 22 F.3d at 650 (recognizing that person authorized to open the consumer's mail could have standing to pursue some FDCPA claims). Although the Siberskys' original complaint might liberally be construed to plead that the "plaintiffs" jointly received and read the letters at issue, their amended complaint, prepared with the assistance of counsel, retreats from that position and pleads only Ms. Sibersky's exposure to the letters and her ensuing damages. Because an amended complaint supersedes the original pleading, *see Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir. 1994), the modification is properly understood to indicate that Sibersky could not, in good faith, plead the sort of injurious exposure to the offending letters necessary to demonstrate his standing to maintain and FDCPA claim. Indeed, that pleading inability explains Sibersky's failure to pursue his § 1692e(5) claim in the amended complaint despite the district court's earlier refusal to dismiss that claim. Under these circumstances, we conclude that, even if persons other than consumers can maintain FDCPA claims pursuant to §§ 1692e(11) or 1692(g), Sibersky's pleadings, when read as a whole, indicate that he lacks standing to pursue such claims for the same reason he lacks standing to sue pursuant to § 1692e(5): Sibersky does not stand in the shoes of the consumer and he cannot plead injurious exposure to the offending letters that were received by the consumer.

To the extent Sibersky argues that he did not abandon his § 1692e(5) claim, we find this argument to be without merit. The amended complaint plainly casts the FDCPA claim only in terms of Ms. Sibersky, in sharp contrast to the original pleading.

The August 5, 2003 judgment of the district court is AFFIRMED.