[Cite as *Green Tree Servicing, L.L.C. v. Asterino-Starcher*, 2018-Ohio-977.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

Green Tree Servicing LLC,      :

      Plaintiff-Appellee,      :

v.      :

Antonia Jo Asterino-Starcher et al.,      :

      Defendants-Appellees,      :

(Columbus and Central Ohio Children's      :
Chorus Foundation,

      Defendant-Appellant).      :

     :

No. 16AP-675
No. 17AP-273
(C.P.C. No. 14CV-8619)

(REGULAR CALENDAR)

---

## D E C I S I O N

### Rendered on March 15, 2018

---

**On brief:** *Cooke Demers, LLC, David J. Demers, Adam J. Bennett,* and *Michelle Polly-Murphy,* for appellee Green Tree Servicing LLC. **Argued:** *Adam J. Bennett.*

**On brief:** *Brunner Quinn,* and *Rick Brunner,* for appellant. **Argued:** *Rick Brunner.*

---

APPEALS from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Columbus and Central Ohio Children's Chorus Foundation ("CCF"), appeals from a judgment of the Franklin County Court of Common Pleas ordering foreclosure and sale of a property in favor of plaintiff-appellee, Green Tree Servicing LLC ("Green Tree"). The debtors and property owners are defendants-appellees, Antonia Jo Asterino-Starcher ("Asterino-Starcher") and James Edward Starcher

("Starcher") (collectively, "the Starchers"), who have not appeared in the present appeal. CCF participates in the foreclosure action as a junior lienholder and contests the trial court's finding that Green Tree holds the senior lien on the property.

## I.  GENERAL FACTS AND PROCEDURAL HISTORY

{¶ 2}   Green Tree commenced this action with a complaint in foreclosure naming as defendants the Starchers and several other entities with an interest in the subject property: CCF, the Third Federal Savings and Loan Association of Cleveland ("Third Federal"), the United States of America, the State of Ohio Department of Taxation, the Columbus School for Girls ("CSG"), and the Franklin County Treasurer.  CCF became a party defendant because it previously obtained a judgment against the Starchers in the Franklin County Municipal Court for unpaid choir fees, punitive damages, attorney fees, and costs in a total amount of $10,826.07 in April 2014 and recorded the judgment as a lien on the subject property.

{¶ 3}   The complaint alleged Green Tree was in possession of a note executed by Asterino-Starcher on September 19, 2006 in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for America's Wholesale Lender, and the note was in default.  The complaint further alleged Green Tree was the owner and holder of a mortgage executed by the Starchers as security for the note and filed October 16, 2006.  The complaint further alleged a modification agreement to modify the mortgage was filed on October 25, 2012 and later assigned to Green Tree.  The complaint noted that the other defendants have or potentially could claim an interest in the property, Starcher by right of dower or curtesy, the Franklin County Treasurer by a statutory tax lien for real property taxes, and the others by means of various recorded judgment liens.

{¶ 4}   The complaint prayed for judgment on the note in the amount of $273,239.91 with interest, foreclosure and sale of the property, and lien priority over all named defendants except for the Franklin County Treasurer.

{¶ 5}   Green Tree voluntarily dismissed Third Federal on August 29, 2014, noting that the mortgage lien held by Third Federal had been released.  CSG filed an answer on September 16, 2014, stating that it had recorded its judgment lien in 2012 for unpaid tuition.  CCF filed an answer on September 30, 2014, adding counterclaims against Green Tree for declaratory judgment and violations of the Fair Debt Collection Practices Act

("FDCPA") and a cross-claim for foreclosure against the Starchers. Green Tree filed an answer to CCF's counterclaims on October 6, 2014. The Franklin County Treasurer answered on October 9, 2014 and asserted his superior statutory lien. Although not expressly named as a defendant in CCF's cross-claim, CSG filed an answer thereto on October 14, 2014, to assert the superiority of its 2012 lien as against CCF's 2014 lien. The Starchers filed an answer to Green Tree's complaint and CCF's cross-claim on December 10, 2014. The United States of America did not plead until March 17, 2015.

{¶ 6} The general course of litigation that ensued—specifics will be developed in connection with the assignments of error as needed—was that the Starchers did not actively oppose Green Tree's pursuit of foreclosure but that CCF, alone among the junior lienholders, vigorously attempted to attack the validity and priority of Green Tree's lien by pointing to alleged deficiencies in the recordation and execution of the original note, mortgage documents, and subsequent assignments. As CCF sought to oppose Green Tree's pursuit of senior lien status, CCF attempted discovery and brought motions to compel. These were denied by the trial court on the basis that CCF did not have standing to question any aspect of the mortgage and note transactions between the Starchers, Green Tree, and Green Tree's predecessors in interest. CCF also encountered a lack of cooperation from the Starchers in pursuing discovery on CCF's cross-claim against them. Unlike the discovery disputes with Green Tree, this culminated in an eventual award of sanctions in favor of CCF against the Starchers.

{¶ 7} Green Tree moved for summary judgment against Asterino-Starcher on the note and the Starchers on the mortgage on November 12, 2014. The motion did not address CCF's counterclaims. The trial court granted summary judgment and issued its first judgment decree in foreclosure on July 29, 2015. The judgment did not rule on the validity or priority of the liens held by some defendants, specifying only that "[t]he balance of the sale proceeds, if any, shall be paid by the Sheriff to the Clerk of this Court to await further orders of this Court." (July 29, 2015 Decision at 4.)

{¶ 8} Both CCF and the Starchers appealed from the July 29, 2015 judgment. This court dismissed the Starchers' appeal for failure to prosecute. *Green Tree Servicing, LLC v. Asterino-Starcher,* 10th Dist. No. 15AP-791 (June 1, 2016) (Journal Entry of Dismissal). We then dismissed CCF's appeal for lack of a final, appealable order because the trial court's

July 29, 2015 judgment did not fully prioritize all liens and named defendants. *Green Tree Servicing, LLC v. Columbus & Cent. Ohio Children's Chorus Found.*, 10th Dist. No. 15AP-802, 2016-Ohio-3426. The matter thus returned to the trial court.

{¶ 9} On July 17, 2016, the trial court rendered a decision ruling on various pending motions after remand. The court again determined that Green Tree was entitled to judgment as a matter of law against Asterino-Starcher on the note and foreclosure on the mortgage. The trial court also granted Green Tree's motion for default judgment against the United States of America. The trial court denied CCF's motion to compel Green Tree to furnish a representative to sit for depositions and denied CCF's Civ.R. 56(F) motion for additional discovery in opposition to summary judgment. In contrast, the court granted CCF's motion to compel discovery and for sanctions against the Starchers.

{¶ 10} The trial court entered two further judgment entries in the matter, both on July 28, 2016. One generally stated the trial court's intent to adopt an entry previously submitted by Green Tree but to omit Civ.R. 54(B) language that Green Tree had proposed. The other constituted the final foreclosure decree. It restated the judgment expressed in the July 29, 2015 judgment in favor of Green Tree against Asterino-Starcher, adding a complete prioritization of costs and all liens from known junior lienholders except for the Ohio tax judgment liens. The court ranked these as (1) the clerk of court, for the costs of the action; (2) the Franklin County Treasurer; (3) Green Tree; (4) the United States of America; (5) CSG; and (6) CCF.

{¶ 11} Neither July 28, 2016 entry contains Civ.R. 54(B) "no just reason for delay" language. Because of the still pending motion for fees sought by CCF against the Starchers, the July 28, 2016 orders were not final and appealable. That fee claim went forward, and on September 19, 2016, after a hearing before a magistrate, the court adopted the magistrate's decision and entered judgment in favor of CCF against the Starchers awarding attorney fees in the amount of $4,443.75. That order resolved the last claims in the action and rendered final all preceding orders of the trial court, leading to this appeal.

{¶ 12} On September 23, 2016, CCF filed a notice of appeal referring to the trial court's July 28 and September 19, 2016 orders, commencing the present appeal No. 16AP-675. Immediately thereafter, this court received a suggestion of bankruptcy and stayed the matter, as did the trial court. On April 17, 2017, the trial court granted Green Tree's motion

to reinstate the matter to the active docket and move forward with the judicial sale of the property because the Starchers' bankruptcy matter was resolved. CCF then filed another notice of appeal on April 19, 2017, commencing the present appeal No. 17AP-273. This notice references both the trial court's April 17, 2017 reinstatement order and the trial court's "March 30, 2017 Amended Judgment Decree in Foreclosure," despite the fact that the trial court did not issue any order on that date other than a praecipe to the clerk initiating sale proceedings.

{¶ 13} On April 21, 2017, this court activated both appellate cases based on termination of bankruptcy proceedings and consolidated the two appeals. During the pendency of briefing and proceedings before this court, the trial court granted CCF's motion to stay the judicial sale, conditioned on posting a supersedeas bond. The record discloses that CCF did not post bond. The sheriff's sale took place and resulted in a confirmation order from the trial court on June 27, 2017 and a further confirmation of judgment and order of distribution on July 10, 2017. The sale price did not satisfy the combined liens of the Franklin County Treasurer and Green Tree, leaving no excess to disburse to the junior lienholders.

{¶ 14} As a preliminary matter, we dispose of CCF's appeal No. 17AP-273. This notice of appeal is taken from a reactivation order, which is not a final, appealable order, and the appeal is otherwise entirely duplicative of the preceding appeal No. 16AP-675. No separate issues were raised in connection with this appeal, and the dismissal is without impact on our consideration of the issues that were properly raised in appeal No. 16AP-675.

{¶ 15} Another preliminary issue requires us to sua sponte consider whether the completed judicial sale of the subject property and subsequent distribution of proceeds have rendered the matter moot and deprived this court of jurisdiction. Past precedent of this court establishes that the matter is not moot and recent statutory amendments make that conclusion all the more clear.

{¶ 16} This court has consistently held that an intervening judicial sale of the subject property does not moot a pending appeal from the underlying judgment of foreclosure. *Everhome Mtge. Co. v. Baker*, 10th Dist. No. 10AP-534, 2011-Ohio-3303, *appeal not accepted*, 130 Ohio St.3d 1475, 2011-Ohio-5605. The rationale is that, even though the foreclosure sale is irrevocable under R.C. 2329.45, the trial court can still, in the event of

reversal on appeal, fashion a remedy: R.C. 2329.45 expressly provides for recovery in restitution in the event of reversal of the foreclosure judgment. Nor is the appeal mooted on grounds that the judgment has been satisfied since the satisfaction is involuntary when the appellant requests a stay but is unable to post the bond required by the stay order. *U.S. Bank Natl. Assoc. v. Mobile Assoc. Natl. Network Sys., Inc.*, 195 Ohio App.3d 699, 2011-Ohio-5284 (10th Dist.); *see also Governors Place Condominium Owners Assoc. v. Unknown Heirs*, 11th Dist. No. 2016-L-070, 2017-Ohio-885, ¶ 29-30.

{¶ 17} While not all Ohio appellate districts agreed with this position on mootness, *see, e.g., Banker's Trust Co. of California v. Tutin*, 9th Dist. No. 24329, 2009-Ohio-1333, recent amendments to R.C. 2329.45 seem to obviate any split in authority because those changes make even more clear that a mortgagor or junior lienholder retains a remedy in restitution even after disbursement of the proceeds from a judicial sale.[1]

{¶ 18} Reversal in the present case would result in remand to the trial court to consider the merits of an action in restitution and potential recovery from the parties receiving the proceeds of the sale. Accordingly, this appeal is not moot, and we retain jurisdiction.

## II. ASSIGNMENTS OF ERROR

{¶ 19} CCF brings the following assignments of error on appeal:

---

[1] Former R.C. 2329.45 provided as follows:

> If a judgment in satisfaction of which lands, or tenements are sold, is reversed, such reversal shall not defeat or affect the title of the purchaser. In such case restitution must be made by the judgment creditor of the money for which such lands or tenements were sold, with interest from the day of sale.

Effective September 28, 2016, 2016, H.B. 390 added the following language to R.C. 2329.45:

> If a judgment in satisfaction of which lands or tenements are sold is reversed on appeal, such reversal shall not defeat or affect the title of the purchaser. In such case restitution in an amount equal to the money for which such lands or tenements were sold, with interest from the day of sale, must be made by the judgment creditor. In ordering restitution, the court shall take into consideration all persons who lost an interest in the property by reason of the judgment and sale and the order of the priority of those interests.

The new language further clarifies that a mortgagor, junior lienholder, or other person with an interest in property retains a remedy after sale of the subject property, despite the irrevocable nature of a judicial sale.

[1.] The trial court erred in denying Appellant's Unopposed Civ.R. 56(F) motion, and its motions to compel discovery while granting the Appellee-Plaintiff summary judgment on issues for which it sought summary judgment and *sua sponte* summary judgment on issues for which it did not seek summary judgment, including Appellant's answer, affirmative defenses, crossclaim and counterclaim, based upon the erroneous assumption that Appellant lacked standing to challenge the validity and priority of the recorded instruments upon which Appellee-Plaintiff sought foreclosure.

[2.] The trial court erred in failing to hold additional hearings, or allow additional arguments or briefs to be presented following remand from the Court of Appeals and in permitting the foreclosure proceedings to move forward without the entry of a final appealable order.

{¶ 20} CCF's two assignments of error each address multiple issues, some of which are common to both. For ease of discussion, rather than considering the assignments of error as enumerated, we proceed on the basis the case presents three principal issues for determination: (1) whether the trial court erred in determining that CCF could not, as a junior lienholder, raise defenses and seek discovery regarding Green Tree's status as a person entitled to enforce the underlying note and as an assignee of the original mortgagee; (2) whether Green Tree presented appropriate evidence in support of summary judgment to establish that it was entitled to enforce the note, that the note was in default, that it was entitled to foreclosure, and held the senior lien on the property; and (3) whether the trial court could dismiss CCF's counterclaims and cross-claim in the absence of any motion by a party seeking judgment on those claims.

## III. CCF'S STANDING TO QUESTION THE NOTE AND MORTGAGE

{¶ 21} CCF asserts that recent Ohio case law gives it the right to challenge Green Tree's standing to bring the foreclosure action and that the trial court's restrictions on discovery prevented CCF from proving Green Tree had not properly established itself as the holder of the note and mortgage. The trial court determined CCF did not have standing to invoke these defenses, which it deemed personal to the debtor. This is a question of law with respect to the standing issue and requires de novo review in this appeal from summary judgment. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29. The

attendant evidentiary rulings, to the extent they are not inescapably determined by our resolution of the standing issue, are reviewed under an abuse of discretion standard. *Branch v. Cleveland Clinic Found.*, 134 Ohio St.3d 114, 2012-Ohio-5345, ¶ 17; *Vogel v. Wells*, 57 Ohio St.3d 91, 95 (1991).

{¶ 22} In *U.S. Bank Natl. Assoc. v. George*, 10th Dist. No. 14AP-817, 2015-Ohio-4957, this court considered whether a homeowner, defending a foreclosure action as debtor and mortgagor, could raise as a defense any argument relating to the negotiation of the note and assignment of the mortgage. The homeowner argued that the plaintiff bank was not, due to a clouded and uncertain history of transfers, a person entitled to enforce the note or the holder of the mortgage. The bank successfully asserted before the trial court that the note negotiation and mortgage assignments were a contractual matter between the bank and its predecessors in interest, and the homeowner, as a stranger to those transactions, lacked privity with the contracting parties and could not question the transfers. *Id.* at ¶ 7.

{¶ 23} On appeal, we reversed and concluded the homeowner could question the state of the note because the bank's right to initiate the foreclosure action was predicated on a statutorily-defined status as a person "entitled to enforce" the note. *Id.* at ¶ 9, citing R.C. 1303.31(A). Consequently, the homeowner as a party defendant had the right to challenge the plaintiff bank's standing to bring the foreclosure action: "[T]he maker of the note or mortgage has standing to challenge their enforcement against the maker, even if not a party in privity to the particular transfer or assignment challenged." *Id.* at ¶ 27.

{¶ 24} Essentially, this defense in Ohio is based not in any contractual right but on a right to be sued only by a party with actual standing to bring the action: "A party commencing litigation must have standing to sue in order to invoke the jurisdiction of the common pleas court." *Id.* at ¶ 9, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 20. *George* and its antecedent, *Schwartzwald*, thus differ fundamentally from cases in other jurisdictions that have considered the rights of debtors to challenge an assignment. Those cases have generally overcome the privity-of-contract obstacle primarily by focusing on the obligor's right to avoid the risk of double payment on the note: "From the maker's standpoint, * * * it becomes essential to establish that the person who demands payment of a negotiable note * * * is the duly qualified holder. Otherwise, the obligor is exposed to the risk of double payment, or at least to the expense

of litigation incurred to prevent duplicative satisfaction." *Adams v. Madison Realty & Dev., Inc.*, 853 F.2d 163, 168 (3rd Cir.1988). *See also Dernier v. Mtge. Network, Inc.*, 195 Vt. 113 (2013); *Jones v. Select Portfolio Servicing, Inc.*, 88 U.C.C. Rep.Serv.2d 1089 (W.D.Tenn.2016); *Kassem v. Ocwen Loan Servicing, LLC*, 704 Fed.Appx. 429 (6th Cir.2017).

{¶ 25} As pointed out by Green Tree in the present case, *George*, *Schwartzwald*, and subsequent Ohio cases addressed the rights of *debtors* who opposed foreclosure on the basis of standing. It appears a case of first impression in Ohio as to whether those cases signify that a junior lienholder has an equal right to assert the defenses that the debtor might against the lender or the lender's assigns. The specific rationale of the Ohio cases is particularly significant here because a junior lienholder obviously cannot invoke the same risk of harm from double liability on a note, and so the reasoning that underlies foreign cases is inapplicable.

{¶ 26} Accordingly, in addressing *George*, Green Tree again raises the privity issue and asserts that our holding in *George* is limited to debtors and mortgagors, that junior lienholders have no standing whatsoever to question the validity of note and mortgage presented as the senior lien, and that the lien contest inherent in a foreclosure action is limited to a simple determination of when the respective liens were recorded, followed by a routine ranking in chronological priority under R.C. 5301.23.

{¶ 27} Our first conclusion is that the position of the junior lienholder differs depending on whether it challenges the note or the mortgage. A foreclosure proceeding is a two-step process involving, first, the enforcement of a debt obligation, and, second, the creditor's right to collect against the security given by the borrower for that debt. *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306; *First Knox Natl. Bank v. Peterson*, 5th Dist. No. 08CA28, 2009-Ohio-5096, ¶ 18. "In other words, '[a] mortgage may be enforced only by * * * a person who is entitled to enforce the obligation the mortgage secures.' " *George* at ¶ 10, quoting Restatement of the Law 3d, Property: Mortgages, Section 5.4(C) (1997).

{¶ 28} There is reason to distinguish the action on the note from the ensuing action against the associated collateral. The first claim involves only the maker of the note and the person entitled to enforce it. The second joins all those with an interest in the mortgaged

property. Thus, the junior lienholders are truly strangers to the action on a note, which could proceed without them. They have no standing to challenge the plaintiff creditor's standing and, here, cannot assert a defense to the note obligation that the obligor herself has failed to raise. The trial court thus did not err in its rulings with respect to the note.

{¶ 29} While *George* ultimately turns solely on the condition of the note, similar standing arguments have been applied under Ohio law with respect to the state of the mortgage. *Slorp v. Lerner, Sampson & Rothfuss*, 587 Fed.Appx. 249, 255 (6th Cir.2014) ("[A] non-party homeowner may challenge a putative [mortgage] assignment's validity on the basis that it was not effective to pass legal title to the putative assignee.").

{¶ 30} Green Tree's reliance on privity fails to address the underlying premise in *George* and *Schwartzwald* and inappropriately discounts the posture of junior lienholders as party defendants to an action, who have a legally enforceable interest in the subject property. As a junior lienholder, CCF was no more a party to the assignments than were the Starchers but is no less a defendant. Like the borrowers themselves, junior lienholders have the right to be sued only by a party having standing to do so. Consistent with the logic of *George* and *Schwartzwald*, we hold that while a junior lienholder may not assert defenses personal to the obligor under the note and mortgage, such as a breach of terms regarding notice of default, acceleration, and the like, it has the right to contest the standing of a plaintiff asserting a senior lien, at least for the purpose of improving the priority of its own rights in the collateral.

{¶ 31} While we conclude the trial court erred in its broad statement of law regarding the non-right of a junior lienholder to contest the plaintiff's standing as holder of the mortgage, that error was without prejudicial effect in the present case and does not require reversal. The discovery sought by CCF either pursued evidence regarding defenses available only to the Starchers or was not calculated to produce evidence that would rebut the evidence submitted by Green Tree regarding standing. The court had discretion to deny CCF's motions to compel and motion for discovery pursuant to Civ.R. 56(F). As a result, the trial court did not err in declining to grant additional discovery to CCF to develop evidence on these issues and in concluding, as will be discussed in more detail below, that Green Tree had standing to bring this action.

## IV. EVIDENCE ON SUMMARY JUDGMENT

{¶ 32} We next consider the sufficiency of the evidence presented in support of summary judgment. As with any summary judgment motion under Civ.R. 56, in a foreclosure action summary judgment is appropriate when there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 629 (1992), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64 (1978). "A plaintiff or counterclaimant moving for summary judgment does not bear the initial burden of addressing the nonmoving party's affirmative defenses." *Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, syllabus. On appeal, we conduct an independent review of the record and stand in the shoes of the trial court. *Abrams v. Worthington*, 169 Ohio App.3d 94, 2006-Ohio-5516, ¶ 11 (10th Dist).

{¶ 33} To support a motion for summary judgment in a foreclosure action, the plaintiff must present "evidentiary quality materials" establishing that the plaintiff is the holder of the note or is a party entitled to enforce the note, that the plaintiff is the holder of the mortgage, that the debt is in default, and that all conditions precedent have been met. *Regions Bank v. Seimer*, 10th Dist. No. 13AP-542, 2014-Ohio-95, ¶ 19. The plaintiff must also establish the amount of principal and interest due. *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. No. 98502, 2013-Ohio-1657, ¶ 17. In a foreclosure action, presentation of the note and mortgage documents, along with the affidavit of a loan servicing agent or employee with personal knowledge of the account, may provide sufficient evidentiary support for a summary judgment in favor of the mortgagee. *Seimer* at ¶ 19, citing *Deutsche Bank Natl. Trust Co. v. Germano*, 11th Dist. No. 2012-P-0024, 2012-Ohio-5833.

{¶ 34} CCF supported summary judgment with a copy of the note. The note is signed by Asterino-Starcher and payable to America's Wholesale Lender. There is no dispute that this is a negotiable instrument under R.C. 1303.03(A). The sole indorsement is not entirely legible on the copy in the record but clearly enough states "pay to bearer." The affidavit of Gretchen Waggener, foreclosure supervisor for Green Tree, avers that Green Tree is in possession of this note, the note was indorsed by the original payee, and the note is now made to bearer. Green Tree is therefore a person entitled to enforce the

note under R.C. 1303.31(A), being the "holder" as defined in R.C. 1301.201(B)(21)(a): "The person in possession of a negotiable instrument that is payable * * * to bearer." Waggener's affidavit avers the note is in default and gives details of non-payment by Asterino-Starcher. The affidavit sets forth the amounts currently due under the note. In sum, the evidence established Green Tree had standing to bring the action on the note and supported summary judgment thereon.

{¶ 35} With respect to the mortgage, Green Tree submitted a copy of the mortgage executed by the Starchers in favor of MERS as nominee for the lender, America's Wholesale Lender. The mortgage refers to the note by amount, parties, and date. The mortgage bears the stamp of the Franklin County Recorder dated December 15, 2006. A mortgage assignment dated August 11, 2010, assigns the mortgage to BAC Home Loans Servicing, L.P. A certificate of merger issued by the Texas Secretary of State and dated June 28, 2011, documents the merger of BAC Home Loans with Bank of America, N.A. A loan modification document prepared by Bank of America, dated December 13, 2011 and signed by Asterino-Starcher on December 21, 2011, references both the note and mortgage and increases the amount payable under both. A further assignment dated May 16, 2013, conveys the mortgage from Bank of America to Green Tree.

{¶ 36} CCF argues that this court's decision in *Mtge. Electronic Registration Sys. v. Odita*, 159 Ohio App.3d 1, 2004-Ohio-5546, ¶ 15 (10th Dist.), establishes that "a defectively executed mortgage is invalid as to a subsequent mortgagee or lienholder, even if the subsequent mortgagee/lienholder had actual knowledge of the prior defectively executed mortgage." That is an accurate statement of the holding in that case. But the predicate for application of *Odita* is the presence of a defectively executed or recorded mortgage, and CCF can point to no such defect in the original mortgage. CCF does point out that Starcher did not sign the 2011 loan modification, which bears only Asterino-Starcher's signature. The significance of this purported defect, however, is not explained. Nor does the sequence of documents submitted in support of summary judgment present a gap or defect in the chain of assignments.

{¶ 37} Moreover, any putative defect in the chain of mortgage assignments would not necessarily create a genuine issue of material fact to preclude summary judgment. " '[T]he negotiation of a note operates as an equitable assignment of the mortgage, even

though the mortgage is not assigned or delivered.' " *Deutsche Bank Natl. Trust Co. v. Cassens*, 10th Dist. No. 09AP-865, 2010-Ohio-2851, ¶ 17, quoting *U.S. Bank N.A. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, ¶ 52 (7th Dist.); *see also U.S. Bank N.A. v. Armstrong*, 6th Dist. No. WD-12-031, 2013-Ohio-2130, ¶ 16. In other words, "[t]he physical transfer of the note endorsed in blank, which the mortgage secures, constitutes an equitable assignment of the mortgage, regardless of whether the mortgage is actually (or validly) assigned or delivered." *Najar* at ¶ 65. This results because Ohio's version of the Uniform Commercial Code incorporates the common-law doctrine of equitable assignment. *United States Bank Natl. Assn. v. Gray*, 10th Dist. No. 12AP-953, 2013-Ohio-3340, ¶ 32-33.

{¶ 38} The evidence introduced in support of summary judgment established Green Tree was the holder of the mortgage, had standing to bring the action, and was entitled to summary judgment on the note and foreclosure on the associated collateral.

## V. DISMISSAL OF COUNTERCLAIMS AND CROSS-CLAIM

{¶ 39} We now turn to the final issue in this appeal: whether the trial court erred in sua sponte granting judgment on CCF's cross-claim and counterclaims when neither Green Tree nor any other party had moved for judgment on those claims. The trial court did not cite or specify the rule under which it granted dismissal, nor did the trial court give express notice to CCF it intended to dismiss the counterclaims and cross-claim when ruling on Green Tree's summary judgment motion.

{¶ 40} "The Rules of Civil Procedure neither expressly permit nor forbid courts to *sua sponte* dismiss complaints." *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108 (1995). Authorities are clear, however, that the trial court could only sua sponte dismiss the complaint under specific conditions for failure to state a claim under Civ.R. 12(B)(6) or, under even more stringent conditions, under Civ.R. 41(B).

{¶ 41} If the court sua sponte dismisses an action under Civ.R. 41(B)(1), that rule provides three specific circumstances where the court may on its own motion dismiss any claim: where the plaintiff fails to prosecute, fails to comply with the rules, or fails to comply with a court order. Sua sponte dismissal under Civ.R. 41(B)(1), however, requires notice of the court's intention to dismiss so that the party adversely affected has an opportunity to

explain or oppose the dismissal. *Logsdon v. Nichols*, 72 Ohio St.3d 124, 128 (1995); *Tymachko v. Dept. of Mental Health*, 10th Dist. No 04AP-1285, 2005-Ohio-3454.

{¶ 42} In the present case, the trial court gave no formal notice of its intent to dismiss the cross-claim and counterclaims. There is no indication that CCF failed to prosecute those claims; to the contrary, CCF repeatedly attempted to pursue discovery in support of the counterclaims and was denied by the trial court. The trial court did not note any failure of CCF to comply with the rules or orders of the court and our review of the record reveals none. For these reasons, dismissal under Civ.R. 41(B)(1) was not appropriate.

{¶ 43} Sua sponte dismissal of a complaint under Civ.R. 12(B)(6) for failure to state a claim on which relief can be granted is also only appropriate under limited circumstances. *State ex rel. Bruggeman v. Ingraham*, 87 Ohio St.3d 230, 231 (1999). "[A] court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6) * * * only after the parties are given notice of the court[']s intention to dismiss and an opportunity to respond." *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 161 (1995). "However, *sua sponte* dismissal without notice is appropriate where the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *Id.*; *see also State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313 (2000).

{¶ 44} Applying Civ.R. 12(B)(6) in the context of spontaneous dismissal, the trial court could dismiss without notice of its intention to do so only if CCF "obviously [could not] prevail on the facts alleged in the complaint" or if the complaint was frivolous. *Bruggeman* at 231. The trial court gave no indication in the present case that it considered CCF's cross-claim and counterclaims to be frivolous. We are thus left to consider whether the discernable claims in CCF's answer, cross-claim, and counterclaims retained any chance of success on the stated facts after the trial court had entered judgment in favor of Green Tree.

{¶ 45} With respect to the declaratory judgment counterclaim against Green Tree, judgment in favor of Green Tree in the foreclosure action and the prioritization of the mortgage liens effected by the court obviously preclude any entitlement to declaratory judgment in favor of CCF, and the claim could properly be dismissed under Civ.R. 12(B)(6) without notice.

{¶ 46} Likewise, the cross-claim against the Starchers, which was essentially a competing action in foreclosure, was precluded by the court's judgment granting foreclosure to Green Tree.

{¶ 47} Thus, there remained only CCF's counterclaim for Green Tree's alleged violations of the FDCPA. Without passing on the merits of this claim,[2] it is apparent from the record that success on the facts alleged in CCF's complaint is not precluded by the court's foreclosure judgment in favor of Green Tree. The trial court, therefore, erred in granting dismissal without notice on the FDCPA counterclaim brought by CCF against Green Tree. The trial court's judgment must be reversed in part and remanded for disposition of this last claim.

## VI. CONCLUSION

{¶ 48} In accordance with the foregoing, appeal No. 17AP-273 is dismissed for lack of a final, appealable order. In appeal No. 16AP-675, CCF's first and second assignments of error are overruled to the extent they argue the trial court's entry of judgment of foreclosure in favor of Green Tree and prioritization of liens was erroneous. Both assignments of error are also overruled in part insofar as the trial court's dismissal of CCF's counterclaim for declaratory judgment is affirmed, and the court's dismissal of CCF's cross-claim against the Starchers is affirmed. The two assignments of error are sustained to the extent the trial court did err in sua sponte dismissing without notice CCF's counterclaim for FDCPA violations against Green Tree. The trial court's dismissal of that claim is accordingly reversed, and the matter is remanded for further proceedings.

*Appeal No. 17AP-273 dismissed*;
*judgment reversed in part and affirmed in part in appeal No. 16AP-675*;
*cause remanded.*

TYACK and KLATT, JJ., concur.

_____

---

[2] CCF's standing to bring this claim, while colorable, is tenuous at best, given that CCF is neither a consumer, nor the debtor, nor a natural person. *See generally Anarion Invests. LLC v. Carrington Mtge. Servs., LLC*, 794 F.3d 568 (6th Cir.2015); *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 155 Fed.Appx. 10 (2d Cir.2005); *Valle v. Green Tree Servicing, LLC*, D.Conn. No. 3:16-cv-277 (Mar. 20, 2017).