[Cite as *State ex rel. Hillman v. McIntosh*, 2024-Ohio-2821.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Robert Hillman,      :

      Relator,      :

                  No. 23AP-508

v.      :

                  (REGULAR CALENDAR)

Judge Stephen L. McIntosh,      :

      Respondent.      :

D E C I S I O N

Rendered on July 25, 2024

**On brief:** *Robert Hillman*, pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Devin E. Barlett*, for respondent.

IN PROCEDENDO
ON OBJECTIONS TO MAGISTRATE'S DECISION

BOGGS, J.

{¶ 1} Relator, Robert Hillman, filed this original action seeking a writ of procedendo ordering respondent, the Honorable Stephen L. McIntosh, judge of the Franklin County Court of Common Pleas, to immediately rule on relator's motion and affidavit by accusation in case No. 23CM-32. For the following reasons, we adopt the magistrate's decision, dismiss Hillman's complaint, and deny the requested writ of procedendo.

{¶ 2} On January 28, 2023, Hillman mailed an accusation by affidavit under R.C. 2935.09 and 2935.10 to the Franklin County Clerk of Courts, alleging that Columbus Police Officer David Larrison, committed felony perjury at Hillman's criminal trial. On August 21, 2023, Hillman filed an action for a writ of procedendo asking this court to order Judge McIntosh to rule on his affidavit by accusation. On September 18, 2023, respondent filed a motion to dismiss, arguing that Hillman failed to state a claim upon which relief may be

granted and that he failed to file an accurate affidavit describing each civil action or appeal of a civil action filed in the previous five years, in accordance with R.C. 2969.25.

{¶ 3}  Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate.  The magistrate considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate concluded that relator has not shown a clear legal right to require respondent to address his affidavit or a clear legal duty on the part of respondent to address his affidavit.   Accordingly, the magistrate recommended this court grant respondent's motion to dismiss relator's petition for a writ of procedendo.

{¶ 4}  The magistrate looked to R.C. 2935.09 which states:

> (A) As used in this section, "reviewing official" means a judge of a court of record, the prosecuting attorney or attorney charged by law with the prosecution of offenses in a court or before a magistrate, or a magistrate.
>
> * * *
>
> (D) A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate. A private citizen may file an affidavit charging the offense committed with the clerk of a court of record before or after the normal business hours of the reviewing officials if the clerk's office is open at those times. A clerk who receives an affidavit before or after the normal business hours of the reviewing officials shall forward it to a reviewing official when the reviewing official's normal business hours resume.

{¶ 5}  The magistrate noted that in *State ex rel. Blachere v. Tyack*, 10th Dist. No. 22AP-478, 2023-Ohio-781, this court found that clerks of court are not reviewing officials within the meaning of R.C. 2935.09(A).  *Id*. at ¶ 46.  The magistrate specifically found that Hillman did not send his affidavit and all subsequent pleadings, letters, and documents to a proper "reviewing official" as contemplated under R.C. 2935.09(A).   The magistrate further found that Hillman did not allege that his affidavit was received by the clerk of courts during the non-business hours of any reviewing officials and, therefore, because his

affidavit by accusation was not presented directly to respondent or the clerk of courts for forwarding to Judge McIntosh according to R.C. 2935.09(D), he did not show a clear legal right to relief. The magistrate found that respondent's arguments regarding R.C. 2969.25 were moot and did not address them.

{¶ 6} On December 12, 2023, Hillman filed objections to the magistrate's decision, arguing that the magistrate improperly raised sua sponte an issue that neither party had raised or had an opportunity to address in briefing. We do not agree. To demonstrate entitlement to a writ of procedendo, a relator must establish: (1) a clear legal right to require the respondent to proceed, (2) a clear legal duty on the part of the respondent to proceed, and (3) the absence of an adequate remedy at law. *State ex rel. Yeaples v. Gall*, 141 Ohio St.3d 234, 2014-Ohio-4724, ¶ 20. "A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, ¶ 7.

{¶ 7} Hillman argues the magistrate erred in sua sponte finding that Hillman was not entitled to relief, based on his noncompliance with R.C. 2935.09. We note that this court has previously held:

> "[A] court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6) * * * only after the parties are given notice of the court[']s intention to dismiss and an opportunity to respond." *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 161, 1995-Ohio-278, 656 N.E.2d 1288 (1995). "However, *sua sponte* dismissal without notice is appropriate where the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *Id.*; see also *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 2000-Ohio-335, 725 N.E.2d 663 (2000).

*Green Tree Servicing LLC v. Asterino-Starcher*, 10th Dist. No. 16AP-675, 2018-Ohio-977, ¶ 43.

{¶ 8} Here, Hillman has been given an opportunity to respond to the magistrate's recommendation to this court by way of his objections and, as the magistrate has noted in his decision, Hillman cannot prevail because he did not allege or present evidence of when the clerk of courts received the affidavit, as required to conform with R.C. 2935.09(D).

{¶ 9} Having conducted an examination of the magistrate's decision and an independent review of the record, pursuant to Civ.R. 53(D)(4)(d), we find the magistrate properly applied the relevant law to the facts.

{¶ 10} Hillman has not established that he is entitled to a writ of procedendo. Accordingly, we overrule Hillman's objection; adopt the magistrate's decision, including the findings of fact and conclusions of law contained therein, as our own; grant respondent's motion to dismiss; deny the writ; and dismiss this action in procedendo.

*Motion to dismiss granted*;
*Writ of procedendo denied*;
*Action dismissed.*

DORRIAN and LELAND, JJ., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Robert L. Hillman, | : | |
| Relator, | : | |
| v. | : | No.  23AP-508 |
| Franklin County Common Pleas Court, | : | (REGULAR CALENDAR) |
| Administrative Judge Mr. Stephen McIntosh, | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on November 27, 2023

---

*Robert L. Hillman*, pro se.

*G. Gary Tyack*, Attorney General, and *Devin E. Bartlett*, for respondent.

---

IN PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

{¶ 11}  Relator, Robert L. Hillman, has filed this original action requesting that this court issue a writ of procedendo ordering respondent, Franklin County Common Pleas Administrative Judge Stephen L. McIntosh, to rule on his accusation by affidavit pursuant to R.C. 2935.09 and R.C. 2935.10.

Findings of Fact:

{¶ 12}  1. Relator is an inmate incarcerated at Chillicothe Correctional Institution.

{¶ 13}  2. Respondent is a judge in the Franklin County Court of Common Pleas.

{¶ 14}  3. On January 28, 2023, relator mailed to the Franklin County Clerk of Courts ("clerk of courts") an accusation by affidavit ("affidavit") pursuant to R.C. 2935.09 and R.C. 2935.10, naming Columbus Police Officer David Larrison as defendant. The certificate of service indicates it was sent only to the clerk of courts. In the affidavit, relator sought the prosecution of Larrison for the commission of felony perjury at relator's criminal trial. The clerk of courts assigned the affidavit case number 23CM-32. The case file contains only pleadings and documents submitted by relator. All of relator's submissions in 23CM-32 were mailed directly to the clerk of courts.

{¶ 15}  4. On August 21, 2023, relator filed the instant procedendo action asking this court to order respondent to rule on his affidavit that was filed in case 23CM-32.

{¶ 16}  5. On September 18, 2023, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6) based upon relator's failure to identify the underlying case relating to his procedendo action and his failure to comply with R.C. 2969.25(A).

{¶ 17}  6. On September 27, 2023, relator filed a response to respondent's motion to dismiss.

{¶ 18}  7. On October 4, 2023, respondent filed a reply in support of motion to dismiss.


Conclusions of Law:

{¶ 19} The magistrate recommends that this court grant respondent's motion to dismiss relator's petition for writ of procedendo.

{¶ 20}  In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 21} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet). In addition, courts may take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580-81 (1996); *Draughon* at ¶ 26 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment).

{¶ 22} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 10th Dist. No. 98AP-177 (Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 23} R.C. 2935.09, entitled Accusation by affidavit to cause arrest or prosecution, provides, in pertinent part, the following:

> (A) As used in this section, "reviewing official" means a judge
> of a court of record, the prosecuting attorney or attorney

charged by law with the prosecution of offenses in a court or before a magistrate, or a magistrate.

(B) In all cases not provided by sections 2935.02 to 2935.08 of the Revised Code, in order to cause the arrest or prosecution of a person charged with committing an offense in this state, a peace officer or a private citizen having knowledge of the facts shall comply with this section.

* * *

(D) A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate. A private citizen may file an affidavit charging the offense committed with the clerk of a court of record before or after the normal business hours of the reviewing officials if the clerk's office is open at those times. A clerk who receives an affidavit before or after the normal business hours of the reviewing officials shall forward it to a reviewing official when the reviewing official's normal business hours resume.

R.C. 2935.10, entitled Procedure upon filing of affidavit or complaint, provides, in pertinent part, the following:

(A) Upon the filing of an affidavit or complaint as provided by section 2935.09 of the Revised Code, if it charges the commission of a felony, such judge, clerk, or magistrate, unless the judge, clerk, or magistrate has reason to believe that it was not filed in good faith, or the claim is not meritorious, shall forthwith issue a warrant for the arrest of the person charged in the affidavit, and directed to a peace officer; otherwise the judge, clerk, or magistrate shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant.

{¶ 24} Initially, the magistrate notes that respondent argues that relator's petition should be dismissed because it failed to accurately identify the underlying case or provide accurate information regarding the filing he claims respondent has failed to rule upon. Respondent asserts "CM" is not a case category used by the clerk of courts, and he is unable

to locate the case to which relator refers. However, "CM" is the designation for miscellaneous criminal cases, and relator's case number 23CM-32 is accurate.

{¶ 25} Notwithstanding, although not raised by respondent, relator's writ of procedendo must be dismissed on another basis. Relator cannot establish a clear legal duty on the part of respondent to proceed. Relator mailed his affidavit and all subsequent pleadings, letters, and documents directly to the clerk of courts. The certificate of service for the affidavit indicated it was sent only to the clerk of courts. However, as this court recently held, clerks of court "are not judges of a court of record, prosecuting attorneys or attorneys charged by law with the prosecution of offenses in a court or before a magistrate, or magistrates. Therefore, respondents [clerks of court] are not 'reviewing official[s]' within the meaning of R.C. 2935.09(A)." *State ex rel. Blachere v. Tyack*, 10th Dist. No. No. 22AP-478, 2023-Ohio-781, ¶ 46 (because relator mailed his affidavit directly to the clerk of courts, he did not file his affidavit "with a reviewing official" as contemplated under R.C. 2935.09(D)). Accordingly, in the present case, as in *Blachere*, relator did not file his affidavit with a reviewing official when he mailed it directly to the clerk of courts.

{¶ 26} However, R.C. 2935.09(D) permits a private citizen to file an affidavit with the clerk of courts under specific circumstances. As this court explained in *Blachere*, "[t]he plain language of R.C. 2935.09(D) only contemplates clerk involvement if the affidavit is filed before or after the normal business hours of a reviewing official." *Blachere*, at ¶ 22. "When a clerk receives such affidavit during the reviewing official's non-business hours, the last sentence of R.C. 2935.09(D) requires the clerk to 'forward it to a reviewing official when the reviewing official's normal business hours resume.' " *Id.* at ¶ 21. Thus, "under R.C. 2935.09(D), a clerk's clear legal duty to file and forward an affidavit the clerk receives from a private citizen only arises when: (1) the affidavit is received during a reviewing official's non-business hours; and (2) the clerk is open during the reviewing official's non-business hours." *Id.* at ¶ 22.

{¶ 27} In the present case, just as we concluded in *Blachere*, relator has not alleged in his procedendo petition that the affidavit was received by the clerk of courts during the non-business hours of any reviewing officials. Nothing in the record indicates when the clerk of courts received relator's mailed affidavit. Even if relator could prove when the clerk

of courts received the affidavit, he neither alleged nor presented evidence of the non-business hours of any reviewing officials.

{¶ 28} Therefore, because relator failed to present his affidavit either directly to respondent or to the clerk of courts for forwarding to respondent in the manner described in R.C. 2935.09(D), relator has not shown a clear legal right to require respondent to address his affidavit or a clear legal duty on the part of respondent to address his affidavit. Relator's petition fails to state a claim upon which relief may be granted. Given this determination, the magistrate need not address respondent's other ground for dismissal—that relator failed to comply with R.C. 2969.25(A)—as it is moot.

{¶ 29} Accordingly, it is the magistrate's decision that this court should grant respondent's motion to dismiss relator's petition for writ of procedendo.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.