[Cite as *Provident Funding Assocs., L.P. v. Turner*, 2014-Ohio-2529.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100153**

# PROVIDENT FUNDING ASSOCIATES, L.P.

PLAINTIFF-APPELLEE

vs.

# PHILLIP TURNER, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-10-742147

**BEFORE:** E.T. Gallagher, J., S. Gallagher, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** June 12, 2014

**ATTORNEY FOR APPELLANTS**

James R. Douglass
James R. Douglass Co., L.P.A.
4600 Prospect Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

Cynthia Fischer
Lerner, Sampson & Rothfuss
P.O. Box 5480
Cincinnati, Ohio 45201

Rick D. DeBlasis
Lerner, Sampson & Rothfuss
120 East Fourth Street, Suite 800
Cincinnati, Ohio 45202

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellants, Tamara and Phillip Turner ("the Turners"), appeal a judgment in foreclosure entered against them and in favor of plaintiff-appellee, Provident Funding Associates, L.P. ("Provident Funding"). For the following reasons, we dismiss the appeal as moot.

**{¶2}** In January 2007, Tamara Turner executed a promissory note in the amount of $272,000, payable to Home Advantage Funding Corporation ("Home Advantage"). At the same time, the Turners granted a mortgage to Mortgage Electronic Systems, Inc. ("MERS"), as nominee for Home Advantage, to secure the note. The mortgage encumbers real property located at 20526 Byron Road, Shaker Heights, Ohio.

**{¶3}** In November 2010, Provident Funding, as holder of the note, filed a foreclosure complaint against the Turners. The case proceeded to trial, and the foreclosure magistrate ruled in favor of Provident Funding. The Turners filed timely objections to the magistrate's decision. The trial court overruled the objections, adopted the magistrate's decision, and entered a judgment in foreclosure against the Turners on June 26, 2013. The Turners filed a timely appeal from the judgement in foreclosure.

**{¶4}** While the appeal was pending, the foreclosed property was sold at a sheriff's sale pursuant to court order, and the court entered a decree of confirmation of the sale on September 12, 2013. The Turners filed a timely notice of appeal of the court's judgment confirming the sale. However, the Turners never filed a motion to stay the foreclosure

proceedings when they appealed the judgment in foreclosure, nor did they file a motion to stay the distribution of the proceeds from the sale. Now the property has been sold, and the order of confirmation has been carried out.

{¶5} R.C. 2329.45, which governs the reversal of judgments in foreclosure cases, provides a remedy for appellants in foreclosure cases after the property has been sold, and the proceeds have been distributed. R.C. 2329.45 states, in its entirety:

> If a judgment in satisfaction of which lands, or tenements are sold, is reversed, such reversal shall not defeat or affect the title of the purchaser. In such case restitution must be made by the judgment creditor of the money for which such lands or tenements were sold, with interest from the day of sale.

{¶6} Thus, even when the property is no longer recoverable, R.C. 2329.45 provides an alternative remedy in the form of restitution. However, R.C. 2329.45 only applies when the appealing party sought and obtained a stay of the distribution of the proceeds. *Bankers Trust Co. of California, N.A. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333, ¶ 11. *See also Wells Fargo Bank N.A. v. Cuevas*, 8th Dist. Cuyahoga No. 99921, 2014-Ohio-498; *Beneficial Ohio, Inc. v. LaQuatra*, 8th Dist. Cuyahoga No. 99860, 2014-Ohio-605; *Bank of New York Mellon v. Adams*, 8th Dist. Cuyahoga No. 99399, 2013-Ohio-5572; and *Third Fed. S. & L. Assn. of Cleveland v. Rains*, 8th Dist. Cuyahoga No. 98592, 2012-Ohio-5708, ¶ 13. Therefore, because the Turners failed to move for a stay at any time during the proceedings, we dismiss the appeal as moot.

{¶7} Appeal dismissed.

It is ordered that appellee recover from appellants costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR
KEY WORDS:
*#100153 - Provident Funding Associates, L.P. v. Phillip Turner, Et al.*

Moot; foreclosure; confirmation of sale; R.C. 2329.45; restitution; stay. Appeal of judgment in foreclosure was moot where property was sold and homeowner never sought a stay of the judgment pending appeal.