SEAN C. GALLAGHER, J.:
*669 {¶ 1} Ferenc and Agnes Janossy appeal the decree of foreclosure entered against their interest in a property located in Cleveland Heights, Ohio. We dismiss the appeal.
{¶ 2} The Janossys executed a promissory note in the amount of $96,224 in order to purchase a residential property. The property was encumbered by a recorded mortgage. Both the note and mortgage were assigned to various entities, ending with U.S. Bank Trust National Association ("U.S. Bank"). Sometime in 2015, the Janossys defaulted on the note; but before U.S. Bank initiated foreclosure proceedings, Agnes filed a breach of contract and quiet title action, claiming that U.S. Bank breached the terms of the promissory note and title to the property should be in the Janossys' name.[1] Only Agnes, acting pro se, signed the complaint in that civil action, despite also naming Ferenc as a pro se plaintiff.
{¶ 3} U.S. Bank initiated the foreclosure proceeding, and the two cases were consolidated. The magistrate in the civil action granted U.S. Bank's motion to dismiss several months before the trial court entered a decision in the foreclosure proceeding.
{¶ 4} In the foreclosure proceeding, the trial court granted judgment on the note and mortgage in favor of U.S. Bank upon an unopposed motion filed under Civ.R. 56. Although the Janossys were granted a stay of execution from the decree of foreclosure, which was certified as final under Civ.R. 54(B) for the purposes of this appeal, no bond was posted in order to obtain the stay. The sale of the property proceeded, and the $48,000 purchase price was confirmed.[2] The Janossys did not appeal the confirmation of the sale, the second of two judgments appealable in foreclosure actions-the first being the order of foreclosure. Blisswood Village Home Owners Assn. v. Genesis Real Estate Holdings Group, L.L.C. , 8th Dist. Cuyahoga No. 105861, 2018-Ohio-1092, 2018 WL 1445735, ¶ 8, citing CitiMortgage, Inc. v. Roznowski , 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 39. The proceeds of the sale were distributed following the confirmation.
{¶ 5} In the appellate briefing, the Janossys claim the trial court erred with respect to granting the decree of foreclosure on their property, which was used as indemnification to partially satisfy the judgment entered upon the note,[3] and by dismissing the civil action. The Janossys, however, did not include the civil action, or *670 the related dispositive order, in their notice of appeal. The notice of appeal filed in this case only involved and referenced the foreclosure action and the dispositive order in that case.
{¶ 6} Under Loc. App.R. 3(B)(2) of the Eighth District Court of Appeals, a party is required to file one notice of appeal from a judgment entered in cases consolidated in the trial court, but that notice of appeal must list all consolidated case numbers. The act of consolidating cases is a procedural tool advancing judicial efficiency, but consolidation does not merge the two cases. State ex rel. Shumaker v. Nichols , 137 Ohio St.3d 391, 2013-Ohio-4732, 999 N.E.2d 630, citing First Natl. Bank of Pulaski v. Curry , 301 F.3d 456, 467 (6th Cir.2002) ("Despite the consolidation of the two actions in the present case, * * * the actions did 'not merge * * * into a single cause.' "). In this case, the Janossys filed a notice of appeal from the decision entered in the foreclosure action. We cannot consider the assignment of error with respect to the unappealed civil action.
{¶ 7} With respect to the foreclosure action, it has generally been concluded that an appeal from a decree of foreclosure is moot in instances where the debtors fail to obtain a stay from the distribution of proceeds or the confirmation of sale by posting the required bond. Provident Funding Assocs., L.P. v. Turner , 8th Dist. Cuyahoga No. 100153, 2014-Ohio-2529, 2014 WL 2611260, ¶ 6 ; Blisswood Village, 8th Dist. Cuyahoga No. 105861, 2018-Ohio-1092, at ¶ 11 ("Where a defendant in a foreclosure action fails to obtain a stay of the distribution of the proceeds, R.C. 2329.45 does not apply and any appeal therefrom is moot."). This conclusion stems from the mootness doctrine, which provides that
"Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment."
Blodgett v. Blodgett , 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990), quoting Rauch v. Noble , 169 Ohio St. 314, 316, 159 N.E.2d 451 (1959), and Lynch v. Lakewood City School Dist. Bd. of Edn. , 116 Ohio St. 361, 156 N.E. 188 (1927), paragraph three of the syllabus. The distribution of proceeds from a sale of a foreclosed property is in satisfaction of the judgment upon the note, and unless a judgment debtor takes steps in furtherance of stalling the sale, the application of the proceeds to the debt satisfies the judgment. Turner.
{¶ 8} The Janossys were granted a stay of execution on the foreclosure decree, but failed to post the required bond to prevent the sale or the distribution of the proceeds, and therefore, their appeal is moot. Turner ; Blisswood Village ; Cooper v. Westerville , 5th Dist. Delaware No. 13 CAE 02 0011, 2013-Ohio-4652, 2013 WL 5745101, ¶ 17 (appeal moot because judgment debt satisfied through sale of the foreclosed property); see also Bankers Trust Co. of California, N.A. v. Tutin , 9th Dist. Summit No. 24329, 2009-Ohio-1333, 2009 WL 763994, ¶ 16 ; JPMorgan Chase Bank v. Ritchey , 11th Dist. Lake Nos. 2007-L-017 and 2007-L-018, 2007-Ohio-5913, 2007 WL 3243916, ¶ 7 ; Villas at the Pointe of Settlers Walk Condominium Assn. v. Coffman Dev. Co. , 12th Dist. Warren No. CA2009-12-165, 2010-Ohio-2822, 2010 WL 2499651, ¶ 18.
{¶ 9} In accordance with the weight of authority from this district, the appeal is dismissed. See, e.g., *671 Wells Fargo Bank N.A. v. Cuevas , 8th Dist. Cuyahoga No. 99921, 2014-Ohio-498, 2014 WL 718310 ; Beneficial Ohio, Inc. v. LaQuatra , 8th Dist. Cuyahoga No. 99860, 2014-Ohio-605, 2014 WL 688658 ; Bank of New York Mellon v. Adams , 8th Dist. Cuyahoga No. 99399, 2013-Ohio-5572, 2013 WL 6730792 ; and Third Fed. S. & L. Assn. of Cleveland v. Rains , 8th Dist. Cuyahoga No. 98592, 2012-Ohio-5708, 2012 WL 6061723, ¶ 13.
{¶ 10} Despite our disposition, we acknowledge that some courts have concluded that an appeal from the judgment of foreclosure is viable despite the failure to obtain a stay of the confirmation of the sale or the distribution of the proceeds by posting the required bond. See, e.g., Ditech Fin. L.L.C. v. McCurry, 8th Dist. Cuyahoga No. 105005, 2017-Ohio-7170, 2017 WL 3432668, ¶ 6 ; Green Tree Servicing L.L.C. v. Asterino-Starcher , 10th Dist., 2018-Ohio-977, 97 N.E.3d 525, ¶ 16-17. In McCurry , for example, the debtors had been granted a stay of execution over the foreclosure decree contingent on the posting of a bond, which never happened. The appeal was nonetheless considered on the merits. Id.
{¶ 11} Asterino-Starcher concluded that posting the required bond was unnecessary for the purposes of determining whether the debtor was voluntarily satisfying the judgment under the mootness doctrine. Id. at ¶ 16, citing U.S. Bank Natl. Assn. v. Mobile Assocs. Natl. Network Sys., Inc. , 195 Ohio App.3d 699, 2011-Ohio-5284, 961 N.E.2d 715 (10th Dist.), and Governors Place Condominium Owners Assoc. v. Unknown Heirs , 11th Dist. Lake No. 2016-L-070, 2017-Ohio-885, 2017 WL 1042392, ¶ 29-30. According to that court, by seeking a stay, and whether or not the stay was obtained, the debtor was not voluntarily satisfying the money judgment, and therefore, the mootness doctrine did not apply. Id. Thus, according to Asterino-Starcher , it is the granting of the motion to stay that demonstrates the involuntary nature of the sale for the purposes of the mootness doctrine rather than the posting of the bond to obtain the stay as required in Turner and Blisswood Village .
{¶ 12} Further, Asterino-Starcher reiterated the Tenth District's conclusion that R.C. 2329.45 fashions a remedy for debtors following the irrevocable sale of the property irrespective of the stay issue. " R.C. 2329.45 expressly provides for recovery in restitution in the event of reversal of the foreclosure judgment" following the distribution of proceeds of the sale. Id. ; Everhome Mtge. Co. v. Baker , 10th Dist. Franklin No. 10AP-534, 2011-Ohio-3303, 2011 WL 2586751, ¶ 16. In other words, the sale of the property and the distribution of the proceeds do not end the controversy because there exists a statutory right of restitution from the judgment creditor in favor of all persons who lost an interest in the property.
{¶ 13} In Turner , this same principle was recognized, but with the added caveat that a stay of the distribution of proceeds must first be obtained for a defendant to avail himself of R.C. 2329.45. Turner , 8th Dist. Cuyahoga No. 100153, 2014-Ohio-2529, at ¶ 6. We need not resolve the difference between the unrestrained reading of the statute provided in Baker and the more narrow application provided in Turner . The Janossys have not preserved this issue for our review.
{¶ 14} In addition, and despite the similarities, we cannot read McCurry in accordance with Asterino-Starcher . McCurry is a narrow exception to the general concept applied in Turner and Blisswood Village, 8th Dist. Cuyahoga Nos. 105312 and 105575, 2018-Ohio-1080, 2018 WL 1445732. It is important to note that McCurry is silent with respect to whether the proceeds of the sale were distributed at the time of the appeal. McCurry, 8th Dist. Cuyahoga No. 105005, 2017-Ohio-7170, at ¶ 3. It was merely noted that the sale had been confirmed.
*672 Id. Distributing the proceeds is the act in satisfaction of the judgment on the note, and it is for that reason that courts deem the foreclosure appeal moot when no stay is obtained. Blodgett , 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990) ("It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot."); Tutin , 9th Dist. Summit No. 24329, 2009-Ohio-1333, at ¶ 11.
{¶ 15} If the distribution of the proceeds following the sale of the property has not occurred, in other words, the judgment creditor has not successfully collected on the money judgment, there is no satisfaction of the judgment for the purposes of the mootness doctrine. Thus, the situation in which the proceeds of sale have not been distributed at the time of the foreclosure appeal ( McCurry ), is no different from the situation in which the debtor obtains a stay to prevent the distribution ( Turner and Blisswood Village ) . In both cases, the mootness doctrine would not apply because there was no voluntary satisfaction of the judgment debt.
{¶ 16} In this case, the distribution of the proceeds has occurred, and therefore, the limited exception from McCurry is inapplicable. Further, the Janossys have not challenged U.S. Bank's contention that the appeal is moot, nor have they provided any analysis for us to conclude otherwise. App.R. 16(A)(7) ; Cooper , 5th Dist. Delaware No. 13 CAE 02 0011, 2013-Ohio-4652, at ¶ 17.
{¶ 17} We also acknowledge division among Ohio courts on whether R.C. 2329.45 authorizes a remedy after the property has been sold and the proceeds have been distributed for the purposes of resolving the mootness inquiry. Turner , 8th Dist. Cuyahoga No. 100153, 2014-Ohio-2529, at ¶ 5 ; Baker , 10th Dist. Franklin No. 10AP-534, 2011-Ohio-3303, ¶ 16. Even if we broke ranks with the weight of authority in this district and followed Baker , the Janossys' debt is twice the sales price of the property after the taxes and fees were assessed. If restitution could be awarded to the debtor from the judgment creditor under R.C. 2329.45, that restitution to the Janossys would be offset by the debt owed. MSCI 2007-IQ16 Granville Retail, L.L.C. v. UHA Corp., L.L.C. , 660 Fed.Appx. 459, 462 (6th Cir.2016), citing Vegas Diamond Props., L.L.C. v. Fed. Deposit Ins. Corp. , 669 F.3d 933, 936-937 (9th Cir.2012) ; Christopher Village, Ltd. Partnership v. Retsinas , 190 F.3d 310, 314-315 (5th Cir.1999) ; Fed. Deposit Ins. Corp. v. Meyer , 781 F.2d 1260, 1263-1264 (7th Cir.1986).
{¶ 18} And finally, we are compelled to note the extremely limited nature of the arguments presented for appellate review. The judgment entered in favor of U.S. Bank under Civ.R. 56 was unopposed, and the Janossys failed to file objections to the magistrate's decision. Under Civ.R. 53(D)(3)(b)(iv), the Janossys waived all but plain error; but beyond that, appellate courts do not consider arguments raised for the first time on appeal because the trial court was never afforded the opportunity to consider the arguments. Roper v. Univ. of Cincinnati Med. Ctr. , 1st Dist. Hamilton No. C-170106, 2018 WL 1782751, *1 (Apr. 4, 2018), citing First Natl. Community Bank v. Garretson Firm Resolution Group , 1st Dist., 2017-Ohio-7582, 97 N.E.3d 747.
{¶ 19} In light of the foregoing, the issues presented for review with respect to the decree of foreclosure are moot. The appeal is dismissed.
MARY EILEEN KILBANE, P.J., and PATRICIA ANN BLACKMON, J., CONCUR

Janossy v. U.S. Bank Natl. Assoc. Individually & as alleged Owner Trustee for Queen's Park Oval Asset Holding Trust, Cuyahoga C.P. No. CV-16-864523.

U.S. Bank's motion to supplement the record with the postdispositive proceedings in the underlying action is unopposed and granted.

Mid Am. Mtge., Inc. v. Scott , 8th Dist. Cuyahoga No. 106099, 2018-Ohio-1403, 2018 WL 1779372, ¶ 15, citing U.S. Bank Natl. Assn. v. George , 2015-Ohio-4957, 50 N.E.3d 1049, ¶ 12 (10th Dist.).