[Cite as *Ditech Fin., L.L.C. v. VAT Mgt., L.L.C.*, 2020-Ohio-485.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DITECH FINANCIAL, L.L.C.,           :

    Plaintiff-Appellee,           :

                        No. 107546

    v.                                          :

VAT MANAGEMENT, L.L.C., ET AL.,           :

    Defendants-Appellants.           :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** February 13, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-875340

---

### *Appearances:*

Cooke Demers, L.L.C., David J. Demers, and Michelle L. Polly-Murphy, *for appellee.*

Sandor W. Sternberg, *for appellant.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant, VAT Management, L.L.C. ("VAT"), brings the instant appeal from the trial court's judgment granting summary judgment in favor of plaintiff-appellee, Ditech Financial, L.L.C. ("Ditech"), in a foreclosure action. VAT argues that there are genuine issues of material fact, and summary judgment

was improper.   After a thorough review of the record and law, this court dismisses the appeal.

## I. Factual and Procedural History

{¶ 2} On October 30, 2006, Vonceil Murphy ("Murphy") executed a promissory note and mortgage from Wells Fargo Bank in the amount of $145,800. The promissory note was secured by a mortgage executed by Murphy for the property located at 5641 Bartlett Road, Bedford, Ohio.  The mortgage was then assigned to Countrywide Mortgage, which was subsequently absorbed by Bank of America.  The mortgage was again assigned from Bank of America to Ditech.  On March 17, 2014, Murphy conveyed the subject property to VAT through a quitclaim deed.

{¶ 3} On May 13, 2014, Ditech sent Murphy a notice of default stating that Murphy failed to make payments on the mortgage, and that Murphy owed $140,605.40 with interest at 7 percent annum from "October 15, 2014."  The notice was sent to Murphy's attorney's office, and was addressed as "Vonceil Murphy c/o Sternberg, 56 Milford Dr Ste 310, Hudson Ohio."  On October 28, 2014, Ditech filed an *in rem* foreclosure action against VAT and Murphy in Cuyahoga C.P. No. CV-14-834967.  VAT then filed a motion to dismiss for failure to state a claim.  The trial court granted VAT's motion to dismiss and dismissed Ditech's foreclosure complaint without prejudice.

{¶ 4} Thereafter, on February 2, 2015, Ditech filed a second *in rem* foreclosure action against VAT and Murphy in Cuyahoga C.P. No. CV-15-839861.

On January 6, 2017, the trial court dismissed the second foreclosure action without prejudice for Ditech's failure to perfect service as was previously ordered by the trial court.

{¶ 5} On February 2, 2017, Ditech filed a third foreclosure action in Cuyahoga C.P. No. CV-17-875340, which is the subject of the instant appeal. This third action was also an *in rem* foreclosure action, and named VAT as the party defendant and excluded Murphy in the action. In its complaint, Ditech stated that Murphy had been relieved of any personal liability on the mortgage due to her discharge in bankruptcy. On May 15, 2017, Ditech filed a motion for summary judgment.

{¶ 6} On June 1, 2017, VAT filed an amended answer instanter, and alleged several affirmative defenses. Specifically, VAT alleged (1) the foreclosure complaint failed to state a claim upon which relief could be granted; (2) Ditech "failed to properly give notice of [the default] in writing sent to the address of the property which is the subject hereof as required under Paragraph 15 of [the mortgage];" (3) Ditech failed to join necessary parties that are required by Civ.R. 19; and (4) Ditech failed to perform all conditions precedent prior to the acceleration of the notice of default. On June 14, 2017, Murphy filed a motion to intervene that was denied by the trial court.

{¶ 7} Then, on August 31, 2017, VAT filed a motion to strike Ditech's supporting affidavit and exhibits attached to Ditech's motion for summary judgment. VAT also filed a motion for summary judgment.

{¶ 8} On September 15, 2017, the magistrate issued a decision granting Ditech's motion for summary judgment and denying VAT's motions. The magistrate's decision entered a decree of foreclosure against VAT.

{¶ 9} On October 6, 2017, VAT filed objections to the magistrate's decision. On October 11, 2017, the trial court issued a judgment entry granting a decree of foreclosure. Then on October 26, 2017, the trial court, sua sponte, issued a journal entry striking its October 11, 2017 judgment entry on the basis that VAT had filed timely objections to the magistrate's decision, and the trial court ordered the matter to be returned to its active docket. On July 13, 2018, the trial court issued a judgment entry overruling VAT's objections and entered a decree of foreclosure against VAT.

{¶ 10} On August 15, 2018, VAT filed a motion seeking a stay of the execution of the judgment and seeking a waiver of the supersedeas bond. In addition, on August 15, 2018, VAT filed the instant notice of appeal.

{¶ 11} On August 24, 2018, the trial court issued a journal entry denying VAT's motion seeking a stay and waiver of the supersedeas bond. The trial court's journal entry specifically stated:

> [Civ.R. 62(B)] states that an appellant may obtain stay of execution of judgment or any proceedings to enforce judgment by giving an adequate supersedeas bond. The bond may be given at or after the time of filing the notice of appeal. [Civ.R. 62(B)]. Further, a stay is effective when the supersedeas bond is approved by the court. [Civ.R. 62(B)].

{¶ 12} On December 4, 2018, in this court, VAT filed a motion for stay of execution and waiver of supersedeas bond. Ditech filed a brief in opposition on

December 5, 2018. On December 6, 2018, this court issued a journal entry denying VAT's motion. *See* motion No. 523460.

{¶ 13} On December 17, 2018, Ditech filed an order of sale in the trial court notifying the court that the subject property was sold at an auction. The subject property was sold to Ditech that in turn assigned its bid to the Federal National Mortgage Association. On December 24, 2018, Ditech then filed a motion for confirmation of sale and distribution of proceeds in the trial court. VAT did not file a response opposing this motion. On March 12, 2019, the trial court issued a journal entry holding Ditech's motion for confirmation of sale and distribution of proceeds in abeyance. Then, on July 30, 2019, Ditech filed a motion to lift the stay and for confirmation of sale. Again, VAT did not file a response opposing this motion. On October 16, 2019, the trial court issued a judgment entry granting Ditech's motion to lift the stay and for confirmation of sale, and confirmed the sale and ordered the distribution of the proceeds.

{¶ 14} Additionally, and while the instant appeal was pending, Ditech filed for Chapter 11 bankruptcy. On April 11, 2019, Ditech filed in this court a "notice of filing of bankruptcy and imposition of automatic stay." This court, on April 25, 2019, issued a journal entry granting Ditech's motion. On November 14, 2019, Ditech filed a status update notifying this court of its confirmation of bankruptcy. On November 20, 2019, this court issued a journal entry reinstating the instant appeal to this court's active docket.

{¶ 15} VAT assigns a sole assignment of error for our review:

I.  The trial court erred in granting summary judgment to [Ditech] and ruling that there existed no genuine issue of material fact.

## II. Law and Analysis

{¶ 16} In VAT's sole assignment of error, it argues that the trial court erred in granting summary judgment in favor of Ditech because there existed genuine issues of material fact.

{¶ 17} Prior to addressing VAT's arguments, we note that VAT neither obtained a stay nor posted a supersedeas bond after filing its notice of appeal.  In a foreclosure action, an appeal from a decree of foreclosure is moot where the debtors fail to obtain a stay from the distribution of proceeds or the confirmation of sale by posting the required bond.  *Provident Funding Assocs., L.P. v. Turner*, 8th Dist. Cuyahoga No. 100153, 2014-Ohio-2529, ¶ 6.

{¶ 18} An action is moot

> "'[w]here the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment.'"

*Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990), quoting *Rauch v. Noble*, 169 Ohio St. 314, 316, 159 N.E.2d 451 (1959), quoting *Lynch v. Lakewood City School Dist. Bd. of Edn.*, 116 Ohio St. 361, 156 N.E. 188 (1927), paragraph three of the syllabus.

{¶ 19} Furthermore, as this court has noted

> "[w]here a defendant in a foreclosure action fails to obtain a stay of the distribution of the proceeds, any appeal therefrom is moot because 'the

matter has been extinguished through satisfaction of the judgment, the individual subject matter of the case is no longer under the control of the court and the court cannot afford relief to the parties to the action."

*Blisswood Village Home Owners Assn. v. Genesis Real Estate Holdings Group, L.L.C.*, 8th Dist. Cuyahoga No. 105861, 2018-Ohio-1092, ¶ 13, quoting *Bankers Trust Co. of Cal., N.A. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333, ¶ 16.

{¶ 20} In the instant case, VAT attempted to obtain a stay in the trial court and in this court. In particular, and contemporaneous with its filing of its notice of appeal, VAT filed a motion seeking a stay of the execution of the judgment and a waiver of the supersedeas bond in the trial court. The trial court denied VAT's motion. After the trial court denied VAT's motion, VAT then failed to post the required bond to prevent the sale and the distribution of the proceeds. Then, in this court, VAT again filed a motion for stay of execution and waiver of supersedeas bond that was denied by this court. Although VAT attempted to obtain a stay, it failed to take the proper steps in order to obtain a stay.

{¶ 21} Moreover, while the instant appeal was pending, the foreclosed property was sold at an auction pursuant to court order, and the court entered a decree of confirmation of the sale on October 16, 2019. Subsequently, the proceeds from the sheriff's sale were distributed on October 16, 2019. Therefore, the property has been sold, the order of confirmation has been carried out, and the proceeds from the sale have been distributed. Accordingly, VAT's appeal is moot and there is no relief that this court can afford to VAT. *Turner*, 8th Dist. Cuyahoga No. 100153,

2014-Ohio-2529, at ¶ 6; *Blisswood Village Home Owners Assn.* at ¶ 11; *U.S. Bank Trust Natl. Assn. v. Janossy*, 2018-Ohio-2228, 114 N.E.3d 668, ¶ 7 (8th Dist.).

**{¶ 22}** Accordingly, the appeal is dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

ANITA LASTER MAYS, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR