[Cite as *21st Mtge. Corp. v. White*, 2020-Ohio-1028.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

21ST MORTGAGE CORPORATION, :

    Plaintiff-Appellee, :

                                   No. 108792

    v. :

BRYCE ANDRE WHITE, ET AL., :

    Defendants-Appellants. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** March 19, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-905082

---

### *Appearances:*

Cooke Demers, L.L.C., and David J. Demers, *for appellee.*

Bryce Andre White, *pro se.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Bryce A. White ("White") appeals the denial of his motion to vacate the entering of a default judgment against him; his motion stems from a foreclosure action. For the following reasons, we dismiss his appeal.

**Facts**

{¶ 2} On March 8, 2007, White entered into a mortgage with Homecomings Financial, L.L.C. granting them a security interest in real property located at 27699 Fullerwood Dr. Euclid, Ohio. The mortgage was recorded on March 9, 2007, and later assigned to 21st Mortgage Corporation on September 16, 2013.

{¶ 3} On June 4, 2018, White was notified that his account was delinquent in the amount of $2,762.98, he was in default, and that he had the right to cure the default. White did not bring his account current, and 21st Mortgage Corporation filed a foreclosure complaint on October 9, 2018.

{¶ 4} On October 26, 2018, White, proceeding pro se, filed a document with the clerk of courts stating that he planned on filing a motion to dismiss based on lack of standing. On December 18, 2018, 21st Mortgage Corporation filed a motion for summary judgment and a motion for default judgment. Both matters were to be reviewed by the magistrate.

{¶ 5} On December 28, 2018, White sent a letter to the trial court simply stating that 21st Mortgage Corporation was a "third-party interloper" and that the case should be dismissed. The trial court took that letter as a motion to dismiss, and denied it on January 23, 2019.

{¶ 6} White never filed an answer to the motion for summary judgment and the magistrate granted the motion in favor of 21st Mortgage Corporation on February 7, 2019. On February 27, 2019, both parties appeared at a default

judgment hearing; White did not present any facts that rebutted 21st Mortgage Corporation's arguments. The motion for default was granted.

{¶ 7} White then filed a motion to vacate default judgment on May 24, 2019. In that motion he argued that the United States owned all land that the failure to notify and receive permission to foreclose on the property from the Attorney General invalidated the entire judicial proceeding. His motion was denied on June 4, 2019. He is appealing the denial of his motion to vacate.

{¶ 8} As for the real property, on April 25, 2019, 21st Mortgage Corporation filed an order of sale, and the property was sold to 21st Mortgage Corporation on June 3, 2019, following its successful bid. The trial court entered a decree of confirmation on June 25, 2019. White did not file any attempts to stay the sale of his property. As a result, his appeal is moot.

**Law and Analysis**

{¶ 9} Our precedent is instructive in this case. An appeal from a decree of foreclosure is moot in instances where the debtor fails to obtain a stay from the distribution of proceeds or the confirmation of sale by posting the required bond. *U.S. Bank Trust N.A. v. Janossy*, 8th Dist. Cuyahoga No. 106361, 2018-Ohio-2228, ¶ 7, citing *Provident Funding Assocs., L.P. v. Turner*, 8th Dist. Cuyahoga No. 100153, 2014-Ohio-2529, ¶ 6; *Blisswood Village Home Owners Assn.*, 8th Dist. Cuyahoga No. 105861, 2018-Ohio-1092, ¶ 11.

{¶ 10} In *Janossy*, the homeowners failed to obtain a stay from the distribution of proceeds or post the required bond. Their appeal was dismissed as

moot as a result. Likewise, White did not take any steps to stay distribution or post the required bond. Here, the sale to 21st Mortgage Corporation satisfies the judgment against White and his appeal is moot.

{¶ 11} For the foregoing reasons we dismiss this appeal.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR