[Cite as *U.S. Bank Natl. Assn. v. Golubitsky*, 2023-Ohio-4124.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

U.S. BANK NATIONAL ASSOCIATION, :

      Plaintiff-Appellee, :

                              No. 112459

      v. :

INGA GOLUBITSKY, ET AL., :

      Defendants-Appellants. :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** November 16, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-877406

*Appearances:*

McGlinchey Stafford, Jessica M. Johnson, and Stefanie L. Deka, *for appellee*.

Wendy S. Rosett, *for appellants*.

LISA B. FORBES, J.:

{¶ 1} Appellants Inga Golubitsky and Eric Golubitsky (the "Golubitskys") appeal the trial court's journal entry granting judgment to U.S. Bank National Association as trustee, on behalf of the holders of the GSAA Home Equity Trust

2006-12 Asset-Backed Certificates ("US Bank").  After reviewing the facts of the case and the pertinent law, we dismiss the appeal as moot.

## I.    Facts and Procedural History

{¶ 2}  On March 15, 2017, U.S. Bank filed a complaint for foreclosure regarding property located at 6712 Winston Lane in Solon ("the Property") against the Golubitskys.

{¶ 3}  The trial court granted U.S. Bank's request for a foreclosure on February 6, 2023.  It is from this order that the Golubitskys bring the instant appeal.

{¶ 4}  On March 2, 2023, the Golubitskys filed a motion to stay the execution of judgment and sale pending appeal in the trial court.

{¶ 5}  After a hearing on the Golubitskys' motion to stay, the trial court issued a journal entry on April 13, 2023, which stated "[u]pon the posting of an appropriate bond in the sum of $70,923.36, execution on any judgment and decree of foreclosure will be stayed during the pendency of [the Golubitskys'] appeal."

{¶ 6}  The Property sold on May 15, 2023.  On June 19, 2023, the trial court issued a journal entry ordering the Golubitskys to "show cause as to why the sale that took place on 5/15/23 should not be confirmed on or before 6/30/23.  The court set a supersedeas bond on 4/13/23 and it appears from the docket that such bond has not been paid."  The Golubitskys did not file anything in response to the trial court's show-cause order and did not post the bond.

{¶ 7}  The trial court confirmed the sale of the subject property on July 10, 2023, and the proceeds of the sale were distributed on October 11, 2023.

{¶ 8} This court has held that in foreclosure actions, "an appeal from a decree of foreclosure is moot in instances where the debtors fail to obtain a stay from the distribution of proceeds or the confirmation of sale by posting the required bond." *U.S. Bank Trust Natl. Assn. v. Janossy*, 2018-Ohio-2228, 114 N.E.3d 668, ¶ 7 (8th Dist.).

{¶ 9} Therefore, because the sale was confirmed and the proceeds of the sale were distributed during the pendency of the appeal without the Golubitskys posting the bond set by the trial court to obtain a stay, the instant appeal is rendered moot. *HSBC Bank, USA, Natl. Assn. v. Surrarrer*, 8th Dist. Cuyahoga No. 106316, 2019-Ohio-1539, ¶ 10 (finding that an appeal from a grant of a foreclosure is rendered moot when the appellant does not post the requisite bond to obtain a stay and while the appeal was pending the house sold, the sale was confirmed, and the profits were distributed). *See also Blisswood Village Home Owners Assn. v. Genesis Real Estate Holdings Group, L.L.C.*, 8th Dist. Cuyahoga No. 106382, 2018-Ohio-2519; *Provident Funding Assocs., L.P. v. Turner*, 8th Dist. Cuyahoga No. 100153, 2014-Ohio-2529.

{¶ 10} Appeal dismissed.

It is ordered that appellee recover from appellants costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN T. GALLAGHER, J., CONCUR