[Cite as *Wells Fargo Bank, Natl. Assn. v. Doberdruk*, 2024-Ohio-5007.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

WELLS FARGO BANK, NATIONAL
ASSOCIATION,
                          :

                          :            No. 113637

        Plaintiff-Appellee,

                          :

        v.

                          :

GRACE M. DOBERDRUK, ET AL.,

                          :

        Defendants-Appellants.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** October 17, 2024

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-22-972603

---

***Appearances:***

McGlinchey Stafford, Jessica M. Johnson, Stefanie L.
Deka, and Kevin A. Buryanek, *for appellee.*

Law Office of Grace M. Doberdruk and Grace M.
Doberdruk, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1}   Defendant-appellant, Grace Doberdruk, appeals from the trial court's judgment in favor of plaintiff-appellee, Wells Fargo, ordering a decree of foreclosure on Doberdruk's property.  She raises nine assignments of error for our review.  However, Doberdruk failed to obtain a stay because she did not post the required bond and, therefore, the trial court confirmed the sale of the property and the proceeds were distributed.  Thus, because the judgment in this case has been satisfied, we dismiss the appeal as moot.

## I. Procedural History and Factual Background

{¶ 2}   Wells Fargo filed a complaint for foreclosure against Doberdruk in December 2022, alleging that Doberdruk owed Wells Fargo the principal amount of $449,905.31, plus interest at the rate of 2% per annum from June 1, 2022.

{¶ 3}   Wells Fargo and Doberdruk agreed to three loan modifications before the present foreclosure action: the first in 2015, the second in 2017, and the third in 2022.  The 2017 and 2022 loan modifications resulted from previous foreclosure actions that Wells Fargo had filed against Doberdruk.

{¶ 4}   Both parties filed motions for summary judgment in the present case. In January 2023, the trial court granted Wells Fargo summary judgment and denied

Doberdruk's motion. The trial court entered a decree of foreclosure to Wells Fargo, and Doberdruk appealed.[1]

{¶ 5} While the appeal was pending in this case, the property was sold to a third party for $412,600 in May 2024. Doberdruk moved for a stay in the trial court, which the trial court granted on the condition that Doberdruk post a supersedeas bond in the amount of $472,905. The trial court explained that a bond was necessary because Doberdruk owed Wells Fargo $449,905.31 plus interest at a rate of 2% from June 1, 2022. After Doberdruk did not post the required bond by the trial court's deadline, the court confirmed the sale of the property and ordered the sheriff to execute and deliver a deed to the third-party purchaser.

{¶ 6} Doberdruk filed several other motions in the trial court, including a motion to set aside the sale and objection to confirmation of sale, a motion to vacate the confirmation of sale, and an emergency motion to stay distribution of the proceeds of the sale. The trial court denied each of Doberdruk's motions.

{¶ 7} In July 2024, Doberdruk also filed a motion to stay distribution of proceeds and recording of the deed in this court, which we denied. The proceeds from the sale were subsequently distributed.

---

[1] On August 1, 2024, Doberdruk filed a separate notice of appeal from the trial court's order confirming the sale as well as the trial court's denial of her objection to confirmation of sale and motion to set aside the sale. *See Wells Fargo Bank, Natl. Assn. as Trustee v. Doberdruk,* 8th Dist. Cuyahoga No. 114218.

**{¶ 8}** After we denied Doberdruk's motion to stay, we ordered the parties to brief the issue of whether Doberdruk's appeal is moot under *HSBC Bank, USA, N.A. v. Surrarrer*, 2019-Ohio-1539 (8th Dist.).

**{¶ 9}** In *Surrarrer*, the homeowners filed a motion for a stay of the foreclosure order, which the trial court granted on the condition that they post a bond by a date certain. The Surrarrers did not post the required bond, and the property was subsequently sold. The Surrarrers filed an objection to the confirmation of sale, which the trial court treated as a stay of confirmation pending appeal and denied it because the Surrarrers never posted the required bond.

**{¶ 10}** We explained in *Surrarrer* that "'it has generally been concluded that an appeal from a decree of foreclosure is moot in instances where the debtors fail to obtain a stay from the distribution of proceeds or the confirmation of sale by posting the required bond.'" *Id*. at ¶ 9, quoting *U.S. Bank Trust Natl. Assn. v. Janossy*, 2018-Ohio-2228, ¶ 7 (8th Dist.). We determined that the Surrarrers' appeal was moot because they did not post the required bond when they sought a stay from the decree of foreclosure and did not "seek a stay or post the required bond after they filed their separate appeal from the decree of confirmation." *Id*. at ¶ 10. We further noted that the proceeds from the sale were distributed while the appeal was pending. *Id*. *See also Blisswood Village Home Owners Assn. v. Euclid Community Reinvestment, L.L.C.*, 2018-Ohio-1091, ¶ 18-23 (8th Dist.) (the appeal was dismissed as moot because the homeowner did not obtain a stay, and the property

had been sold, the sale was confirmed, and the proceed were distributed); *Provident Funding Assocs., L.P. v. Turner,* 2014-Ohio-2529, ¶ 4-6 (8th Dist.) (appeal moot when the homeowners did not move for a stay, and the property was sold and sale was confirmed).

{¶ 11} Doberdruk argues that although she did not pay the required bond set by the trial court, her right to appeal the merits of the foreclosure is preserved under R.C. 2329.45. This statute provides:

> If a judgment in satisfaction of which lands or tenements are sold is reversed on appeal, such reversal shall not defeat or affect the title of the purchaser. In such case restitution in an amount equal to the money for which such lands or tenements were sold, with interest from the day of sale, must be made by the judgment creditor. In ordering restitution, the court shall take into consideration all persons who lost an interest in the property by reason of the judgment and sale and the order of the priority of those interests.

{¶ 12} "R.C. 2329.45 protects the property rights of the third-party purchaser and provides that the remedy of the party prevailing on appeal of the foreclosure action is limited to restitution from the monetary proceeds of the sale." *Blisswood*, 2018-Ohio-1091, at ¶ 16. Notably, however, this court has held that R.C. 2329.45 applies only to appeals that were taken from the order confirming the sheriff's sale. *Id.* at ¶ 17; *Janossy*, 2018-Ohio-2228, ¶ 13, citing *Turner* at ¶ 6 ("[A] stay of the distribution of proceeds must first be obtained for a defendant to avail himself of R.C. 2329.45."). As we previously stated, Doberdruk appealed the decree of foreclosure in this case, not the confirmation of sale.

{¶ 13} But even if R.C. 2329.45 applied to appeals from a foreclosure order, this court has held that it "only applies when the appealing party sought *and obtained* a stay of the distribution of the proceeds." (Emphasis added.) *Turner*, 2014-Ohio-2529 , at ¶ 6, citing *Bankers Trust Co. of California, N.A. v. Tutin*, 2009-Ohio-1333, ¶ 11 (9th Dist.); *Blisswood* at ¶ 17; *Janossy* at ¶ 13. Doberdruk sought but failed to obtain a stay because she did not post the required bond.

{¶ 14} We have previously acknowledged, however, that there is a "division among Ohio courts on whether R.C. 2329.45 authorizes a remedy after the property has been sold and the proceeds have been distributed for the purposes of resolving the mootness inquiry." *Janossy* at ¶ 17, citing *Turner* at ¶ 5, and *Everhome Mtge. Co. v. Baker*, 2011-Ohio-3303, ¶ 16 (10th Dist.). Some appellate districts have refused to moot an appeal where the appellant applied for a stay of the foreclosure order but could not post the bond, holding that R.C. 2329.45 preserves the appellant's remedy of restitution. *See Chase Manhattan Mtge. Corp. v. Locker*, 2003-Ohio-6665, ¶ 44-49 (2d Dist.); *MIF Realty L.P. v. K.E.J. Corp.*, 1995 Ohio App. LEXIS 2082, *6 (6th Dist. May 19, 1995); *U.S. Bank Natl. Assn. v. Mobile Assocs. Natl. Network Sys.*, 2011-Ohio-5284, ¶ 19-23 (10th Dist.); *Ameriquest Mtge. Co. v. Wilson*, 2007-Ohio-2576, ¶ 18-22 (11th Dist.). Doberdruk requests that we follow these districts and address the merits of her appeal. However, we are constrained to follow the law in this district that an appeal is moot when the

appellant failed to obtain a stay, and the property was sold, the sale was confirmed, and proceeds were distributed.

{¶ 15} In this case, Doberdruk sought a stay after the property was sold but never posted the required bond set by the trial court. The trial court subsequently confirmed the sale of the property, and the proceeds were distributed. Accordingly, we conclude that this appeal is moot and dismiss it.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN A. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR