[Cite as *Cuyahoga Cty. Treasurer v. LaRossa Property Affiliates, Ltd.*, 2026-Ohio-2181.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

TREASURER OF CUYAHOGA : 
COUNTY, OHIO,

        : 

        Plaintiff-Appellee,

        :         No. 115424

        v.

        : 

LAROSSA PROPERTY AFFILIATES,
LTD, ET AL.,         : 

        Defendants-Appellants.     : 

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** June 11, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-965553

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Michael H. O'Malley, Assistant Prosecuting
Attorney, *for appellee*.

Law Offices of Bruce M. Broyles and Bruce M. Broyles, *for
appellants*.

ANITA LASTER MAYS, J.:

{¶ 1} Defendants-appellants LaRossa Property Affiliates, Ltd. and The Liberty Holding Group, LLC (collectively "LaRossa") appeal the trial court's decision ordering its property forfeited to the State of Ohio. For the reasons set forth below, we dismiss this appeal as moot.

{¶ 2} On June 30, 2022, the plaintiff-appellee Treasurer of Cuyahoga County, Ohio ("the County") filed a complaint against LaRossa for delinquent taxes in the amount of $8,629.41. On June 20, 2023, the magistrate found for the County and ordered the property to be sold. On June 26, 2023, LaRossa filed a motion to set aside the magistrate's decision. On July 5, 2023, LaRossa filed objections to the magistrate's decision. On October 2, 2023, LaRossa's motion to set aside the magistrate's order was granted in part. On January 18, 2024, the magistrate, again, found in favor of the County and ordered the property to be sold. On January 27, 2024, LaRossa filed a motion to set aside the magistrate's decision. The trial court denied the motion and adopted the magistrate's decision on July 1, 2024. On July 21, 2024, LaRossa filed a notice of appeal.

{¶ 3} On October 7, 2024, the trial court issued an order of sale of the property. The property did not sell. On October 25, 2024, at LaRossa's request, the County pulled the property from the sheriff's sale to facilitate a mediation between LaRossa and the County, which was scheduled for December 3, 2024. However, LaRossa failed to appear at the mediation hearing.

{¶ 4} On January 7, 2025, LaRossa filed an appellate brief in this court. On January 29, 2025, LaRossa filed a motion for a stay of execution in the trial court. However, on February 26, 2025, LaRossa filed a motion for a stay of execution in this court. On March 5, 2025, this court denied its stay of execution. On March 11, 2025, LaRossa renewed its motion for stay of execution in this court. On April 7, 2025, this court, sua sponte, pursuant to LaRossa's notice of bankruptcy, stayed the execution until LaRossa's bankruptcy proceedings were complete.

{¶ 5} Meanwhile, back in the trial court, on May 2, 2025, LaRossa filed a motion for a stay of execution. On May 9, 2025, the trial court ordered the property to be sold on June 11, 2025. On June 10, 2025, this court granted LaRossa's motion to return the case to the court's active docket. This court issued a journal entry stating:

> Appellant's Larossa Property Affiliates, Ltd and the Liberty Holdings Group, LLC'S motion to stay execution of the July 12, 2024, judgment entry is granted. The June 11, 2025 sale of the property is stayed conditioned upon the appellant posting a supersedeas bond in the amount of $611,830.11. We note that pursuant to App.R. 7(A), the stay must ordinarily be ruled on first by the trial court unless it is "not practicable" to do so. Due to the fact the sale of the property is set for tomorrow morning, we find that it is not practicable to wait for the trial court to rule.

Journal Entry on motion No. 585188 (June 10, 2025).

{¶ 6} LaRossa failed to post a supersedeas bond. On July 16, 2025, notice was issued in a local legal newspaper regarding the sale of the property. The property did not sell, and an order of forfeiture to the State was issued on July 22, 2025. On August 7, 2025, this court in *Cuyahoga Cty. Treasurer v. LaRossa*

*Property Affiliates, Ltd.*, 2025-Ohio-2768 (8th Dist.), affirmed the trial court's overruling the appellant's objections to the magistrate's decision and adopting the magistrate's decision. *Id.* at ¶ 1. On September 18, 2025, LaRossa filed a notice of appeal to the Ohio Supreme Court, and the Supreme Court declined to accept jurisdiction of the appeal.

{¶ 7} On August 11, 2025, LaRossa filed another notice of appeal in this court and assigned two errors for our review:

1. The trial court erred in ordering the property forfeited to the State of Ohio; and

2. The trial court erred in ordering the property be forfeited when the appellee failed to comply with R.C. 5723.01(A)(2) and the court failed to comply with R.C. 5723.01(A)(3).

## I.    Mootness

{¶ 8} After a review of the record, we disregard LaRossa's assignments of error and dismiss the appeal. "R.C. 323.25, governing enforcement of tax liens, provides that foreclosure on unpaid tax liens proceed in the same manner as foreclosure on unpaid mortgages." *Cuyahoga Cty. Treasurer v. Holloway*, 2022-Ohio-301, ¶ 14 (8th Dist.), citing *Rokakis v. W. Res. Leasing Co.*, 2011-Ohio-1926, ¶ 12 (8th Dist.). "The same is true of foreclosure on unpaid liens of the state under R.C. 5721.18(A)." *Id.*, citing *Rokakis v. Bowman*, 2010-Ohio-4666, ¶ 8 (8th Dist.). "R.C. 5723.01 requires property subject to foreclosure under R.C. 323.25 and 5721.18 to be forfeited to the state if that property remains unsold after it is twice offered for sale." *Id.* "After forfeiture, R.C. 5723.03 gives the former owner a right to redeem the property until the property is sold." *Id.*, citing *Jonke v. Rubin*, 170

Ohio St. 41, 44 (1959) (the right of redemption under R.C. 5723.03 is lost upon the State's sale of the property).

{¶ 9} "In foreclosure actions, two judgments are appealable: the order of foreclosure and the confirmation of sale." *Id.* at ¶ 15, citing *CitiMortgage, Inc. v. Roznowski*, 2014-Ohio-1984, ¶ 39. "Failure to timely appeal a foreclosure or forfeiture order bars any arguments pertaining to these orders." *Treasurer of Cuyahoga Cty. v. Robshir Properties, L.L.C.*, 2019-Ohio-535, ¶ 34 (8th Dist.). "Once the property is sold in foreclosure or forfeiture, failure to timely appeal confirmation of the sale limits the former owner's remedies because the law protects the property rights of the third-party purchaser, who retains title to the property." *Id.*, citing *Blisswood Village Home Owners Assn. v. Euclid Community Reinvestment, L.L.C.*, 2018-Ohio-1091, ¶ 16 (8th Dist.); *Robshir Properties, L.L.C.* at ¶ 38.

{¶ 10} "When property is no longer recoverable, R.C. 2329.45 provides restitution as an alternative remedy if a foreclosure decree is reversed on appeal." *Id.* at ¶ 16, citing *Provident Funding Assocs., L.P. v. Turner*, 2014-Ohio-2529, ¶ 6 (8th Dist.). "However, R.C. 2329.45 only applies if the appellant sought and obtained a stay of the distribution of the proceeds." *Id.*, citing *id.* "If the appellant fails to obtain a stay, any appeal of the foreclosure decree is moot because 'the matter has been extinguished through satisfaction of the judgment, the individual subject matter of the case is no longer under the control of the court[,] and the court cannot afford relief to the parties to the action.'" *Id.*, quoting *Blisswood Village Home*

*Owners Assn. v. Genesis Real Estate Holdings Group, L.L.C.,* 2018-Ohio-1092, ¶ 13 (8th Dist.).

{¶ 11} LaRossa's stay of execution was denied by the trial court. This court affirmed the trial court's decision to adopt the magistrate's decision ordering the sale of the property. The Supreme Court declined to hear his case. Even if we were to vacate the trial court's reinstatement of its foreclosure decree, we can afford LaRossa no effective relief because LaRossa failed to obtain a stay of the court's forfeiture and foreclosure orders. *Id.* at ¶ 18. There is no remedy that this court can provide LaRossa and its claims are moot. "An appeal is moot if the appellate court can grant no relief." *Id.* at ¶ 18, citing *Robshir Properties, L.L.C.*, 2019-Ohio-535, at ¶ 38; *Genesis Real Estate Holdings Group, L.L.C.*, 2018-Ohio-1092, at ¶ 14-15 (8th Dist.). *Euclid Community Reinvestment, L.L.C.*, 2018-Ohio-1091, at ¶ 18-19 (8th Dist.), citing *Wells Fargo Bank, N.A. v. Cuevas*, 2014-Ohio-498 (8th Dist.). Therefore, reviewing the assignments of error would be pointless.

{¶ 12} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EMANUELLA D. GROVES, P.J., CONCURS;
TIMOTHY W. CLARY, J., CONCURS IN JUDGMENT ONLY